## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

      Plaintiff,

v.                                    No. 1:24-cv-01229-KG-LF

STATE OF NEW MEXICO and
COLFAX COUNTY,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case,

Doc. 1, filed December 5, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District

Court Without Prepaying Fees or Costs, Doc. 2, filed December 5, 2024 ("Application").

The only allegations in the Complaint state: "Colfax County and the State of New Mexico

denied me equal protection under the NM Inspection of Public Records Act.  I have been denied

access to the civil [sic] courts to seek relief."  Complaint at 4.  Plaintiff seeks damages and

prospective injunctive relief.  *See* Complaint at 4.

Regarding Plaintiff's claims against the State of New Mexico, United States Magistrate

Judge Laura Fashing notified Plaintiff that:

> Generally, states and their agencies are protected from suit by
> sovereign immunity, as guaranteed by the Eleventh Amendment.
> "The ultimate guarantee of the Eleventh Amendment is that
> nonconsenting States may not be sued by private individuals in
> federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356,
> 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are
> three exceptions to the Eleventh Amendment's guarantee of
> sovereign immunity to states:
>
> > First, a state may consent to suit in federal court.
> > Second, Congress may abrogate a state's sovereign

> > immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015) . . .

> The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states and their agencies apply in this case.

Order to Show Cause at 2-3, Doc. 5, filed December 6, 2024.

> Judge Fashing also notified Plaintiff that:

> The Complaint fails to state a claim against Colfax County. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). There are no allegations explaining what Colfax County did to Plaintiff and when Colfax County did it. Plaintiff's conclusory allegation that Colfax County "denied me equal protection" is not sufficient.

> > We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021); *see also Waller v. City and County of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (explaining that to establish municipal liability, a plaintiff must show: (i) execution of a municipal policy or custom inflicted the injury; (ii) there is a direct causal link between the policy or custom and the alleged injury; and (iii) in some cases, the municipal action was taken with deliberate indifference as to its known or obvious consequences).

Order to Show Cause at 3-4.

Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint, and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 6. Plaintiff did not show cause or file an amended complaint by the December 27, 2029, deadline.

The Court dismisses this case because: (i) the Complaint does not show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico; (ii) the Complaint fails to state a claim against Colfax County; (iii) Plaintiff has not shown cause why the Court should not dismiss this case; and (iv) Plaintiff has not filed an amended complaint or otherwise responded to Judge Fashing's Order to Show Cause.

Judge Fashing also notified Plaintiff that Plaintiff did not sign her Application to proceed *in forma pauperis* and that the Court must strike the Application if Plaintiff does not promptly sign the Application. *See* Order to Show Cause at 6 (quoting Fed. R. Civ. P. 11(a), ordering Plaintiff to

sign the Application and notifying Plaintiff that failure to timely sign the Application may result in the Court striking the Application).  The Court strikes Plaintiff's Application to proceed *in forma pauperis* because Plaintiff did not sign the Application by the December 27, 2024, deadline.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)    The Court **STRIKES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 5, 2024.

_____
**UNITED STATES DISTRICT JUDGE**

4