IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                                          No. 1:24-cv-01229-KG-LF

STATE OF NEW MEXICO and
COLFAX COUNTY,

    Defendants.

### ORDER GRANTING MOTION TO REOPEN CASE, ORDER GRANTING EXTENSION OF TIME TO AMEND COMPLAINT, ORDER DENYING MOTION TO DISQUALIFY JUDGE, ORDER REGARDING RESTRICTED MOTION AND NOTICE

Plaintiff, who is proceeding *pro se*, filed a Complaint for a Civil Case. *See* Doc. 1, filed December 5, 2024 ("Complaint"). The only allegations in the Complaint stated: "Colfax County and the State of New Mexico denied me equal protection under the NM Inspection of Public Records Act. I have been denied access to the civill [sic] courts to seek relief." Complaint at 4.

United States Magistrate Judge Laura Fashing: (i) notified Plaintiff that the Complaint failed to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico; (ii) notified Plaintiff that the Complaint failed to state a claim against Colfax County; and (iii) ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 5, filed December 6, 2024.

The undersigned dismissed this case after Plaintiff failed to show cause and file an amended complaint by the December 27, 2024, deadline. *See* Mem. Op. and Order of Dismissal, Doc. 7, filed January 3, 2025.

**Order Granting Motion to Reopen Case**

Plaintiff asks the Court to reopen this case stating she did not timely file an amended complaint because Plaintiff "has memory deficits due to her disabilities." Motion at 3. The Court grants Plaintiff's Motion to reopen this case. *See* Fed. R. Civ. P. 60(b)(1) ("the court may relieve a party . . . from a final judgment, order . . . for . . . mistake, inadvertence, surprise or excusable neglect").

**Order Granting Motion for Extension**

Plaintiff states that she "should be granted additional time to amend her complaint." Motion at 4. Plaintiff does not specify the amount of additional time she is requesting. The Court grants Plaintiff 21 days from entry of this Order to file an amended complaint.

Plaintiff also states she "has been working on amending her complaint . . . It is 50 pages and is not yet done." Motion at 2.

> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id*. Although [plaintiff] argues that the district court did not provide sufficient reasons why the complaint was too long, we disagree. The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made.

*Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023). Rule 8(b)(1)(B) requires that defendants admit or deny the allegations asserted against it by a plaintiff. Rule 10(b) requires that a plaintiff "must state its claims . . . in numbered paragraphs" which allows the Court can clearly determine which of plaintiff's allegations defendants are denying. Plaintiff's amended complaint shall not exceed 50 pages and must comply with the Federal and Local Rules of Civil Procedure, including numbered paragraphs.

**Order Denying Motion for Disqualification of the Undersigned**

2

Plaintiff seeks the disqualification of the undersigned stating:

> A change of judge is required in this matter. Judge Gonzalez [sic][1] is the wrong judge for this case, which deals with systemic Hispanic racism and sexism in New Mexico and in the 8th District. Judge Gonzales has a conflict of interest. The case also deals with systemic violation of the Americans with Disabilities Act by Colfax County and the State, and it seems unlikely that the ADA is within the ordinary ken of Judge Gonzales. Obama- and Biden-appointed judges are simultaneously obsessed with race and ethnicity, and hostile towards the ADA and any effort to establish basic disability right . . . [Plaintiff's] position is that the solidarity among Hispanic males occurs at a level so deep that it is subconscious, and that a Hispanic male judge cannot impartially hear a case involving (but not naming) other Hispanic male judges . . . The judge most qualified to hear this matter impartially is a politically-neutral judge who is not originally from New Mexico.

Motion at 3-4. Plaintiff incorrectly states she "has a right to disqualify one judge, under the federal rules of civil procedure," but does not identify the relevant Rule. Motion at 3. Disqualification of Judges is governed by 28 U.S.C. § 455.

The Court denies Plaintiff's request for disqualification of the undersigned. "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> federal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should

---

[1] The correct spelling of the undersigned's last name is "Gonzales." The Court will use the correct spelling when quoting Plaintiff rather than continue to point out the misspelling.

> apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Plaintiff's reference to a "subconscious" bias of Hispanic male judges and her unsupported generalization that "Obama- and Biden-appointed judges are simultaneously obsessed with race and ethnicity, and hostile towards the ADA," are not sufficient to warrant disqualification. *See Martinez*, 92 F.4th at 1255 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue").

**Order Regarding Restricted Motion**

4

Plaintiff filed her Motion "Ex Parte" which restricts access to the Motion to Court users and Plaintiff.

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).  Plaintiff has not shown a real and substantial interest that justifies depriving the Defendants and the public of access to the Motion.  The Court orders Plaintiff to show cause why the Court should not make the Motion available to Defendants and the public.

**Notice Regarding Compliance with Orders and Rules**

Plaintiff did not cite any legal authority in support of her requests to reopen this case, to extend the deadline to file an amended complaint or for disqualification of the undersigned.  Local Rule of Civil Procedure 7.3 requires that a motion "must cite authority in support of the legal positions advanced."

Plaintiff incorrectly states that the Court does not allow *pro se* parties to begin "using CM/ECF until having paid the filing fee or been granted leave to proceed *in forma pauperis*." Motion at 1-2. Judge Fashing granted Plaintiff's motion to file electronically one day after Plaintiff

5

filed her Complaint. *See* Order to Show Cause at 4, 6. Plaintiff has not paid the filing fee and has not been granted leave to proceed *in forma pauperis*.

Judge Fashing previously notified Plaintiff of Plaintiff's responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure. *See* Order to Show Cause at 5-6; *Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

The court notifies Plaintiff that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Re-Open this case, Doc. 9, filed January 3, 2025, is **GRANTED.**

(ii) Plaintiff's request for additional time to file an amended complaint is **GRANTED.** Plaintiff shall, within 21 days of entry of this Order, file an amended complaint not exceeding 50 pages. Failure to timely file an amended complaint may result in dismissal of this case.

(iii) Plaintiff's request for the disqualification of the undersigned is **DENIED.**

(iv) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not make the Motion available to Defendants and the public. Failure to timely show cause may result in the Court granting Defendants and the public access to the Motion.

(v) Plaintiff shall, within 21 days of entry of this Order, either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the fee or file an Application may result in dismissal of this case.

_____
UNITED STATES DISTRICT JUDGE