IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                No. 1:24-cv-01229-KG-LF

STATE OF NEW MEXICO and
COLFAX COUNTY,

    Defendants.

**ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

    The Court denied *pro se* Plaintiff's request for disqualification of the undersigned. *See* Order Denying Motion to Disqualify Judge at 2-4, 6, Doc. 10, filed January 8, 2025. Plaintiff filed a Notice of Appeal seeking interlocutory review of the Order Denying Motion to Disqualify Judge. *See* Doc. 11, filed January 13, 2025.[1] Plaintiff now seeks leave to proceed on appeal *in forma pauperis*. *See* Motion to Proceed *IFP* on Appeal, Doc. 15, filed January 22, 2025.

    "In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not

---

[1] The Court did not state in the Order Denying Motion to Disqualify Judge that the undersigned is of the opinion that the United States Court of Appeals for the Tenth Circuit should permit an appeal from the Order. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order").

frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.*; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has not shown a financial inability to pay the required filing fees. Plaintiff filed an Application to Proceed in District Without Prepaying Fees or Costs, but did not sign the Application. *See* Doc. 2, filed December 5, 2024. United States Magistrate Judge Laura Fashing notified Plaintiff that Rule 11(a) of the Federal Rules of Civil Procedure requires the Court to strike the Application if Plaintiff does not promptly sign the Application, and ordered Plaintiff to sign the Application. *See* Order to Cure Deficiency, Doc. 5 at 1, filed December 6, 2024. The Court struck the Application because Plaintiff did not sign the Application by the December 27, 2024, deadline. *See* Doc. 7 at 4, filed January 3, 2025.

Plaintiff has not set forth a nonfrivolous argument of error regarding the Court's denial of her request for disqualification. Plaintiff's Notice of Appeal states in its entirety:

> Plaintiff Geneva Langworthy requests interlocutory review of the Order by Kenneth Gonzalez refusing to be disqualified due to his implicit biases and ethnic conflict of interest. Appeal is taken to the compromised 10th Circuit Court of Appeals. The Order was filed on January 8, 2025. The Order refusing to recuse effectively ends Ms. Langworthy's case; as a minority in a Hispanic-dominated state, Ms. Langworthy has no hope of prevailing when a DEI judge refuses to recuse, so that he can use his authority to punish Ms. Langworthy for speaking out about systemic Hispanic racism in "New" Mexico. A notice of withdrawal will follow this notice of appeal, so it is not interlocutory.

Notice of Appeal at 1. The undersigned quoted Tenth Circuit cases regarding recusal that the undersigned followed to reach the decision to deny Plaintiff's request that I disqualify myself. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow

the precedent of this circuit"). Plaintiff has not cited any legal authority: (i) showing that the undersigned erred in following those cases; or (ii) supporting her assertion that undersigned should recuse due to "implicit biases and ethnic conflict of interest" in the absence of any reasonable factual basis. *See United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024) ("The inquiry [of whether a reasonable *factual* basis exists for calling the judge's impartiality into question] is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue") (emphasis in original).

The Court concludes that Plaintiff's appeal is not taken in good faith and that her request for leave to appeal *in forma pauperis* must be denied because she has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *IFP* on Appeal, Doc. 15, filed January 22, 2025, is **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE