IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                               No. 1:24-cv-01229-KG-LF

STATE OF NEW MEXICO and
COLFAX COUNTY,

    Defendants.

**ORDER DENYING MOTIONS TO RECONSIDER,
ORDER DENYING MOTION FOR INJUNCTION,
ORDER EXTENDING DEADLINE FOR AMENDED COMPLAINT
AND ORDER REGARDING RESTRICTED MOTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Reconsider *En Banc*, Doc. 14, filed January 21, 2025 ("original Motion to Reconsider"), Plaintiff's second Motion to Reconsider *En Banc*, Doc. 16, filed January 22, 2025 ("Amended Motion to Reconsider"); and Plaintiff's Motion for Injunction, Doc. 18, filed February 13, 2025.

**Procedural Background**

Plaintiff, who is proceeding *pro se*, filed a Complaint for a Civil Case. *See* Doc. 1, filed December 5, 2024 ("Complaint"). The only allegations in the Complaint stated: "Colfax County and the State of New Mexico denied me equal protection under the NM Inspection of Public Records Act. I have been denied access to the civill [sic] courts to seek relief." Complaint at 4.

United States Magistrate Judge Laura Fashing: (i) notified Plaintiff that the Complaint failed to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico; (ii) notified Plaintiff that the Complaint failed to state a claim against Colfax County; and

(iii) ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 5, filed December 6, 2024.

The undersigned dismissed this case after Plaintiff failed to show cause and file an amended complaint by the December 27, 2024, deadline. *See* Mem. Op. and Order of Dismissal, Doc. 7, filed January 3, 2025. The Court subsequently granted Plaintiff's motion to reopen this case on January 8, 2025. *See* Doc. 10 (granting motion to reopen because Plaintiff stated she did not timely file an amended complaint because she "has memory deficits due to her disabilities").

On January 13, 2025, Plaintiff appealed from the undersigned's Order denying Plaintiff's motion to disqualify the undersigned. *See* Doc. 11. While her appeal was pending, Plaintiff filed two Motions for Reconsideration which the Court addresses below.

On February 13, 2025, Plaintiff filed a Motion for Injunction, which the Court addresses below, and the United States Court of Appeals for the Tenth Circuit dismissed Plaintiff's appeal for failure to prosecute. *See* Motion for Injunction, Doc. 18; Mandate of the United States Court of Appeals for the Tenth Circuit, Doc. 19.

**Motions to Reconsider**

Plaintiff filed her Amended Motion to Reconsider one day after she filed her original Motion to Reconsider. Plaintiff seeks reconsideration on the following grounds:

> First of all, Ms. Langworthy did not disqualify Judge Gonzalez [sic][1]. She mentioned that she had a right to disqualify a judge, however, she moved for Mr. Gonzales to recuse. The judge excoriated Ms. Langworthy for not citing the law or statute. The fault is the judge's for not reading her pleading carefully or accurately.
> . . . .
> Second, the furious 5-page rant by Judge Gonzales amply demonstrates the very bias that Ms. Langworthy is concerned about.

---

[1] The correct spelling of the undersigned's last name is "Gonzales." The Court will use the correct spelling when quoting Plaintiff rather than continue to point out the misspelling. The Court previously notified Plaintiff of the correct spelling of the undersigned's last name. *See* Doc. 10 at 3, n.1.

2

> In order to avoid any appearance of impropriety, a judge is supposed to voluntarily recuse. [discussion regarding Hispanic racism in New Mexico omitted].
>
> Therefore, it is appropriate for Judge Kenneth Gonzales to recuse. Ms. Langworthy DID NOT disqualify him, she gave him the benefit of the doubt and invited him to do the right thing, to avoid any appearance of impropriety. By refusing to voluntarily recuse, and through his 5-page rant against Ms. Langworthy, Judge Gonzales has illustrated his conflict of interest which obligates him to recuse.

Amended Motion to Reconsider at 1-3.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff has not identified any intervening change in the controlling law. Plaintiff argues that "the furious 5-page rant by [the undersigned] amply demonstrates the very bias that Ms. Langworthy is concerned about," however:

> Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. *Liteky v. United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Thus, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir.1997) (quotation omitted). Likewise, "[a] judge's ordinary efforts at courtroom administration," even if "stern and short-tempered," are "immune" from charges of bias and partiality. *Liteky,* 510 U.S. at 556, 114 S.Ct. 1147. Although a judge's remarks during the course of a trial may be "critical," "disapproving," or "hostile" to a party, usually they will not support a partiality charge. *Id.* at 555, 114 S.Ct. 1147.

*United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). Plaintiff has not identified any language in the Order denying her motion to disqualify the undersigned that would cause a reasonable, objective person to question the undersigned's impartiality. Nor has Plaintiff shown that the Order denying her motion to disqualify the undersigned is clearly erroneous. Plaintiff also seeks reconsideration *en banc* but has not cited any legal authority supporting her request for

3

*en banc* reconsideration. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

The Court denies the Amended Motion to Reconsider for the reasons stated above and denies the original Motion to Reconsider as moot.

**Motion for Injunction**

Plaintiff "moves for an injunction preventing the assignment of any of her cases to Hispanic judges, due to systemic Hispanic preferentialism in New Mexico and the United States." Motion for Injunction at 1. Plaintiff "also requests that Kenneth Gonzales, as chief judge, enjoin the judges in the U.S. District Court for the District of New America (New Mexico) from routinely denying orders of disqualification." Motion for Injunction at 1. The Court construes Plaintiff's motion as seeking the disqualification of Hispanic United States Judges in the District of New Mexico. Disqualification of United States Judges is governed by 28 U.S.C. § 455.[2]

The Court denies Plaintiff's request for disqualification of the Hispanic United States Judges in the District of New Mexico. "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> federal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable

---

[2] The Court previously notified Plaintiff of the standard for disqualification pursuant to 28 U.S.C. § 455. *See* Doc. 10 at 3-4.

inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).

"In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
. . . .

"In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person to question the impartiality of the Hispanic United States Judges in the District of New Mexico. Plaintiff's reference to Hispanic preferentialism and her assertions regarding Hispanic culture are not sufficient to warrant disqualification. *See Martinez*, 92 F.4th at 1255 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue"). Furthermore, Plaintiff has not set forth any facts showing that the Judges in the District of New Mexico "routinely" or improperly deny motions for disqualification. Accordingly, the Court denies Plaintiff's Motion for Injunction.

5

**Order Extending Deadline for Amended Complaint**

On January 8, 2025, the Court ordered Plaintiff to file an amended complaint by January 29, 2025. *See* Doc. 10. Plaintiff's appeal was pending from January 13, 2025, to February 13, 2025. Plaintiff did not file an amended complaint while the appeal was pending. The Court extends the deadline for filing an amended complaint to 21 days after entry of this Order. The amended complaint must comply with the Federal and Local Rules of Civil Procedure and shall not exceed 50 pages.

**Order Regarding Restricted Motion**

Plaintiff filed her Motion to Reopen "Ex Parte" which restricts access to the Motion to Court users and Plaintiff. *See* Doc. 9, filed January 3, 2025. The Court notified Plaintiff that she had not shown a real and substantial interest that justifies depriving the Defendants and the public of access to the Motion and ordered Plaintiff to show cause why the Court should not make the Motion available to Defendants and the public. *See* Doc. 10 at 5 (quoting *JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (discussing factors courts must consider regarding restricting the public's access to court documents). Plaintiff did not show cause by the January 29, 2025, deadline. The Court orders the Clerk to remove the restriction and make the Motion available to Defendants and the public.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Reconsider *En Banc*, Doc. 16, filed January 22, 2025, is **DENIED.**

(ii) Plaintiff's Motion to Reconsider *En Banc*, Doc. 14, filed January 21, 2025, is **DENIED as moot.**

(iii) Plaintiff's Motion for Injunction, Doc. 18, filed February 13, 2025, is **DENIED.**

(iv)  Plaintiff shall, within 21 days of entry of this Order file an amended complaint not exceeding 50 pages. Failure to timely file an amended complaint may result in dismissal of this case.

(v)  The Clerk shall remove the restriction on Plaintiff's Motion to Re-Open, for Additional Time to File an Amended Complaint, and for Change of Judge, Doc. 9, filed January 3, 2025, and make the Motion available to Defendants and the public.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.