IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.   No. 1:24-cv-01229-KG-LF

STATE OF NEW MEXICO and
COLFAX COUNTY,

    Defendants.

## ORDER REGARDING NOTICE OF READINESS

*Pro se* Plaintiff filed a Notice of Readiness which states in its entirety:

Plaintiff Geneva Langworthy hereby informs the Court of her readiness for the Court to issue its orders denying her motions for injunctive relief, filed into this case several weeks ago. The motions were seeking injunctions to make the U.S. District Court for New Mexico more accessible to rural and low income Americans. Additionally, clarification regarding the practice of automatically denying motions to disqualify a judge was requested.

It does not seem practical to keep this case open much longer, given the fact that it is not getting due process. However, the motions for injunctive relief are valid, and should be ruled upon by the Chief Judge. We the People want a judiciary that is neutral, impartial, and responsive to the needs of the American citizenry.

Doc. 21, filed March 5, 2025.

    Plaintiff does not identify the motions for injunctive relief which she states "should be ruled upon by the Chief Judge," but appears to be referring to her Motion to Reconsider En Banc, Doc. 14, filed January 21, 2025, her Amended Motion to Reconsider *En Banc*, Doc. 16, filed January 22, 2025, and her Motion for Injunction, Doc. 18, filed February 13, 2025. The Court denied those Motions on February 21, 2025. *See* Doc. 20.

    Plaintiff filed her Notice of Readiness "Ex Parte" which restricts access to the Notice to Court users and Plaintiff.

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). Plaintiff has not shown a real and substantial interest that justifies depriving the Defendants and the public of access to the Notice.

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not make the Notice available to Defendants and the public. Failure to timely show cause may result in the Court granting Defendants and the public access to the Notice.

                                          /s/ KENNETH J. GONZALES[1]
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.